1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    FIRST MERCURY INSURANCE                    CASE NO. C13-2110JLR
      COMPANY,

11                                               ORDER SETTING ASIDE
                        Plaintiff,               DEFAULT AND
12                                               CONSOLIDATING CASES
                  v.
13
      SQI, INC., et al.,
14
                        Defendants.
15
      FIRST MERCURY INSURANCE                    CASE NO. C13-2109JLR
16    COMPANY,

17                      Plaintiff,

18                v.

19    SKYLINE SHEET METAL, INC., et al.,

20                      Defendants.

21

22

ORDER- 1

## I.   INTRODUCTION

Before the court are two unopposed motions:  (1) Defendant SQI, Inc.'s ("SQI") motion to set aside default (Mot. to Set Aside (Dkt. # 24)); and (2) Plaintiff First Mercury Insurance Company's ("FMIC") motion to consolidate (Mot. to Consol. (Dkt. # 25)). Neither side opposes the other's motion.  For the reasons described below, the court GRANTS both motions.

## II.   BACKGROUND

This is an insurance coverage action.  The underlying dispute involves construction defects in a residential development known as the Admiral Way Condominiums ("the condos").  (Compl. (Dkt. # 1) ¶ 14.)  In 2007, the Admiral Condominium Owners' Association brought a lawsuit against the owner and developer of the condos.  (*Id.* ¶ 22.)  The lawsuit was premised on problems with the roofing in the condos.  (*Id.* ¶ 19, 22.)  Additional lawsuits soon proliferated.  First, the owner and developer of the condominiums sued the project's general contractor, Ledcor Industries (USA), Inc. ("Ledcor").  (*Id.* ¶ 23.)  Ledcor, in turn, sued two of its roofing subcontractors, SQI, Inc. ("SQI"), and Skyline Sheet Metal Inc. ("Skyline"), among others.  (*Id.* ¶ 24-25.)  SQI and Skyline tendered defense of these claims to their insurer, FMIC, who agreed to defend under a reservation of rights and proceeded to bring coverage actions against SQI and Skyline separately in this court.  (*See generally* Compl. 33-36; *First Mercury Ins. Co. v. Skyline Sheet Metal, Inc.*, No. C13-2109JLR.)  The SQI case was assigned to Chief Judge Marsha Pechman, and the Skyline case was assigned to this court.  However, the SQI case was soon reassigned to this court as related to the

ORDER- 2

1  Skyline case.  (1/30/14 Order (Dkt. # 29).)  At the time the case was reassigned, default

2  had already been entered against SQI and the two motions at issue in this order were

3  already pending.  (*See* Dkt.)

4  ### III.    ANALYSIS

5  **A.    Motion to Set Aside Default**

6  The first motion, the motion to set aside default, is GRANTED.  FMIC has

7  indicated that it does not oppose the motion.  (Resp. (Dkt. # 28).)  Rule 55(c) of the

8  Federal Rules of Civil Procedure permits the court to "set aside an entry of default for

9  good cause."  Fed. R. Civ. P. 55(c).  To determine whether a party has shown good cause,

10  the court must examine "(1) whether [the party seeking to set aside the default] engaged

11  in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense;

12  [and] (3) whether reopening the default judgment would prejudice any other party."

13  *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091

14  (9th Cir. 2010) (quoting *Franchise Holding II v. Huntington Rests. Grp., Inc.*, 375 F.3d

15  922, 925-26 (9th Cir. 2004)) (quotation marks omitted); *Falk v. Allen*, 739 F.2d 461, 463

16  (9th Cir. 1984) (adopting the three factor test for the first time in the Ninth Circuit).  The

17  *Falk* factors are to be considered conjunctively.  *See TCI Grp. Life Ins. Plan v. Knoebber*,

18  244 F.3d 691, 696 (9th Cir. 2001).  When performing this analysis, the court must

19  remember that "judgment by default is a drastic step appropriate only in extreme

20  circumstances; a case should, whenever possible, be decided on the merits."  *Id.* at 1091

21  (quoting *Falk*, 739 F.2d at 463) (quotation marks omitted).

22

1     These factors favor setting aside default in this case.  First, there is no suggestion

2 of culpable conduct.  SQI alleges that it was served with papers for this coverage action

3 but "did not believe any action on [its] part was necessary" because it was represented in

4 the underlying liability action.  (Decl. of Steve Gardner (Dkt. # 24-1) ¶ 4.)  Unbeknownst

5 to SQI, FMIC did not serve SQI's attorney directly.  (*Id.* ¶¶ 4-5.)  SQI did not follow up

6 with its attorney until after the holiday season ended, by which time default had been

7 entered.  (*Id.* ¶¶ 5-7.)  SQI's actions appear to be inadvertent mistakes, not the kind of

8 culpable action that might persuade a court not to set aside a default.  (*See id.*)  Second, it

9 appears that there is a possibility that SQI will raise a meritorious defense.  SQI asserts

10 that it has such a defense, and the pleadings thus far do not demonstrate that this is

11 unlikely.  (Mot. to Set Aside at 3-4.)  Last, there is no hint of prejudice to FMIC, as

12 evidenced by the fact that FMIC does not oppose the motion.  This case is still in its early

13 stages and there is no suggestion by either side that the delay thus far will have any

14 adverse impact on FMIC's ability to defend itself.  Accordingly, the court GRANTS the

15 motion to set aside default.

16     FMIC requests that the court award attorney's fees as a condition of setting aside

17 default.  Indeed, a default judgment may be set aside "upon such terms as are just," and

18 "it is appropriate to condition setting aside a default upon the payment of a sanction."

19 *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d

20 1538, 1546-47 (9th Cir. 1988).  The most common sanction imposed "is that the

21 defendant reimburse the plaintiff for costs incurred because of the default."  *Id.* at 1546.

22 This condition is just and appropriate here.  SQI was properly served and has no excuse

ORDER- 4

1    beyond its own misunderstanding for failing to appear.  FMIC was under no obligation to

2    notify SQI that it was moving for entry of default because SQI never appeared in the

3    case.  *See* Local Rules W.D. Wash. LCR 55(a).  The court awards attorney's fees in the

4    amount of $1500.00 as a condition of setting aside the entry of default.  The court also

5    ORDERS SQI to answer the complaint within ten days of the date of this order.

6    **B.    Motion to Consolidate**

7         The second motion, the motion to consolidate, is also GRANTED.  Consolidation

8    of cases is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

9         (a) **Consolidation**.  If actions before the court involve a common question
          of law or fact, the court may:
10             (1) join for hearing or trial any or all matters at issue in the actions;
               (2) consolidate the actions; or
11             (3) issue any other orders to avoid unnecessary cost or delay.

12   Fed. R. Civ. P. 42(a) (emphasis in original).  This rule affords courts "broad discretion"

13   to consolidate cases pending in the same district, either upon motion by a party or *sua*

14   *sponte*.  *In re Adams Apple, Inc*., 829 F.2d 1484, 1487 (9th Cir. 1987).  The Court

15   considers a number of factors in analyzing the appropriateness of consolidation, including

16   judicial economy, whether consolidation would expedite resolution of the case, whether

17   separate cases may yield inconsistent results, and the potential prejudice to a party

18   opposing consolidation.  *See* 8 Moore's Federal Practice-Civil § 42.10[4-5].

19        Here, all factors favor consolidation.  Consolidation will serve the interests of

20   judicial economy by eliminating the need to file separate motions in each case on similar

21   issues.  Upon consolidation, the court will be able to address any overlapping issues

22   contained in the two cases in a more streamlined fashion.  Consolidation also reduces the

ORDER- 5

1  risk of inconsistent results in the two cases.  The cases have very similar questions of

2  law; indeed, the complaints are identical in many respects.  Consolidation makes sense in

3  light of this fact.  Finally, there is no hint of prejudice, as evidenced by the fact that SQI

4  does not oppose the motion to consolidate.  (*See* Resp. to Mot. to Consol. (Dkt. # 31).)

5  The parties have not raised any possible prejudice and the court can detect none.  All

6  factors favor consolidation.  Accordingly, the court GRANTS the motion to consolidate

7  and consolidates this case for all purposes[1] with *First Mercury Ins. Co. v. Skyline Sheet*

8  *Metal, Inc.*, No. C13-2109JLR.  All future pleadings shall bear the cause number C13-

9  2109JLR.  All deadlines set previously (*See* Dkt. # 21) are hereby stricken.  The clerk

10  will issue a new joint status report request and new case deadlines in Case No. C13-

11  2109JLR.

12  ## IV.   CONCLUSION

13          Both motions pending in this case (Dkt. ## 24, 25) are GRANTED.  The court

14  DIRECTS the clerk to file this order in both cases captioned above.  Following entry of

15  this order, the court DIRECTS the parties to file all further documents related to either

16  action in Case No. C13-2109JLR only.

17  //

18  //

19

20          [1] The parties do not clearly distinguish between consolidation for pre-trial purposes only
21  and consolidation for all purposes, although they do suggest that consolidation will result in "one
    trial which will bind all plaintiffs and defendants . . . ." (Mot. to Consol. at 6.)  The court
22  therefore consolidates the cases for all purposes but without prejudice to a motion for separate
    trials in the event that separate trials become necessary or desirable as the case unfolds.

ORDER- 6

1    Finally, the court DIRECTS the parties to adopt a dual caption like the one the court has

2    used in this order for both matters.

3        Dated this 5th day of February, 2014.

4

5

6                                _____

7                                JAMES L. ROBART
                                   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER- 7